**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGJI JIN, | No. 13-71909 |
| Petitioner, | Agency No. A099-443-683 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Yingji Jin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011), and de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

With respect to asylum and withholding of removal, substantial evidence supports the agency's determination that Jin failed to carry her burden of proving eligibility for asylum and withholding of removal. The agency did not err in concluding that Jin failed to corroborate her testimony with reasonably obtainable evidence. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Aden v. Holder*, 589 F.3d 1040, 1044-45 (9th Cir. 2009) (IJ may require reasonably obtainable corroboration). The record does not support Jin's due process contention that the IJ did not provide her an opportunity to explain the lack of evidence. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Finally, the letters Jin submitted along with the rest of the evidence in the record does not compel the conclusion that Jin met her burden of proof. *See Ren v. Holder*,

13-71909

648 F.3d 1079, 1094 (9th Cir. 2011).  Thus, Jin's asylum and withholding of

removal claims fail.  *See id.*

**PETITION FOR REVIEW DENIED.**